IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| NATHAN CRAWFORD, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | No. 2:23-cv-152 |
| WEST TEXAS A&M UNIVERSITY | § | |
| and TEXAS A&M UNIVERSITY | § | |
| SYSTEM, | § | |
| | § | |
|    Defendant. | § | |

## COMPLAINT

Plaintiff Nathan Crawford files this Complaint against Defendant West Texas A&M University and Texas A&M University System.

## Parties

1. Plaintiff Nathan Crawford is an individual residing in Texas.

2. Defendant West Texas A&M University is a public university located in Canyon, Texas.  West Texas A&M University may be served with process through its president, Walter V. Wendler, 2501 4th Avenue, Canyon, Texas 79015.

3. Defendant Texas A&M University System is a public university system. Texas A&M University System may be served through its chancellor, John Sharp, Moore/Connally Building, 7th Floor, 301 Tarrow, College Station, Texas 77840-7896.

## Jurisdiction and Venue

4. This Court has federal question jurisdiction under Title VII of the Civil Rights Act of 1964.

1

5. Venue is proper because West Texas A&M is located in this District and because all of the relevant events occurred in this District.

## Claim for Relief

6. Mr. Crawford worked as a detective in the campus police department at West Texas A&M University (WTAMU). WTAMU is part of the Texas A&M University System (the System).

7. In 2021, the Title IX office at WTAMU investigated allegations of sex discrimination by members of the police department. Mr. Crawford spoke with the investigators in support of these allegations. This was protected activity for purposes of Title VII. *See Crawford v. Metro. Gov't of Nashville & Davidson Cty.*, 555 U.S. 271 (2009). During his interview, Mr. Crawford warned the investigator that he was concerned with retaliation by Chief Shawn Burns.

8. WTAMU and the System subsequently retaliated against the persons involved in the investigation. This included terminating the Title IX Director, Georganna Ecker. The allegations of sex discrimination were ultimately swept under the rug.

9. Within a short time, the campus police department began targeting Mr. Crawford. For example, in July 2022, Lieutenant Kyle Hawbaker told Mr. Crawford that Chief Burns said Mr. Crawford had no chance of making sergeant because Mr. Crawford was "lumped in with the others" from the Title IX investigation. Mr. Crawford later learned that Chief Burns wanted to find a reason to fire him for cause, but needed an investigation to support the termination. Mr. Crawford made a Title IX retaliation complaint with WTAMU, but nothing was done in response.

10. In August 2022, WTAMU and the System targeted Mr. Crawford by initiating a disciplinary proceeding, claiming that he failed to report the sexual harassment and sex discrimination claims involved in the investigation. This attempt at retaliation ultimately failed, in that most of the allegations were found to be unsupported, the remaining allegations were found to show negligence and not intentional misconduct, and the only sanction imposed was a requirement that Mr. Crawford write a 500-word essay.

11. This failure did not deter Chief Burns. In October 2022, Mr. Crawford overheard Chief Burns discussing his involvement in the Title IX investigation. This was audible right through the walls in the police department. Mr. Crawford recorded the discussion and reported it to the System. The recording was perfectly legal.

12. On February 6, 2023, WTAMU suspended Mr. Crawford with pay for making the recording. WTAMU threatened Mr. Crawford with administrative and criminal charges. In fact, the Texas Rangers declined to investigate the case, given that there was nothing illegal about the recording.

13. In the end, Mr. Crawford was worn down by the ongoing retaliation, and it was apparent that Chief Burns would eventually find a way to get him fired. In May 2023, Mr. Crawford succumbed to the retaliation and resigned. This was a constructive discharge, in that any reasonable person in the position of Mr. Crawford would have resigned.

14. Mr. Crawford filed a charge of discrimination with the EEOC on June 20, 2023. The EEOC issued a right to sue letter on June 22, 2023.

15. All conditions precedent have occurred or been satisfied.

16. WTAMU and the System violated Title VII of the Civil Rights Act of 1964 by retaliating against and constructively discharging Mr. Crawford for his opposition to discrimination. WTAMU and the Systems are therefore liable to Mr. Crawford for back pay, loss of benefits, compensatory damages, reinstatement or in the alternative front pay, attorneys' fees, pre- and post-judgment interest as provided by law, and all costs of court.

17. Mr. Crawford demands a trial by jury.

For the foregoing reasons, WTAMU and the System should be cited to appear and answer and, upon final hearing, the Court should enter judgment in favor of Mr. Crawford against WTAMU and the System, jointly and severally, for back pay, loss of benefits, compensatory damages, reinstatement or in the alternative front pay, attorneys' fees, pre- and post-judgment interest as provided by law, all costs of court, and any other relief to which she may be entitled.

Respectfully submitted,

/s/ David C. Holmes
David C. Holmes, Attorney in Charge
State Bar No. 09907150
Southern District No. 5494
13201 Northwest Freeway, Suite 800
Houston, Texas 77040
Telephone: 713-586-8862
Fax: 713-586-8863

ATTORNEY FOR PLAINTIFF