IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| NATHAN CRAWFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:23-cv-152-Z-BR |
| | § | |
| WEST TEXAS A&M UNIVERSITY and | § | |
| TEXAS A&M UNIVERSITY SYSTEM, | § | |
| | § | |
| Defendants. | § | |

## ORDER VACATING SHOW CAUSE HEARING

After lead counsel for both parties failed to appear at two scheduled Rule 16 Conferences, the undersigned entered an Order to Show Cause why the parties should not be sanctioned under Rule 16(f). (ECF 19 at 2). In addition, the Order to Show Cause set a show cause hearing to take place in-person in the Second Floor Courtroom of the Mary Lou Robinson Federal Courthouse at 205 S.E. Fifth Street, Amarillo, TX 79101 on Wednesday, January 31, 2024, at 1:30 p.m. (*Id.*).

### A. Defendants' Former Lead Counsel

On January 26, 2024, Defendants filed their Response to the Court's Order to Show Cause. (ECF 21). In the Response, Defendants' former lead counsel—Mr. Drew Harris—explains why he could not attend the first two scheduled Rule 16 Conferences, which were set to occur via Zoom. (ECF 21 at 1–2). The undersigned recognizes that litigators are busy and have busy schedules; however, the undersigned prefers parties to be more candid and forthcoming than Mr. Harris has been thus far when it comes to conflicts and scheduling to save the Court's time and resources.[1]

---

[1] In general, the undersigned does not find the excuses in Defense Counsel's Response for failing to appear or contact the Court to be particularly compelling. First, Mr. Harris unilaterally determined that he—lead counsel for Defendants—did not need to appear or, at the very least, file a motion with the Court before missing the January 11 Conference, despite the Standing Orders requiring his attendance. (ECF 21 at 1; ECF 8 at 1). Had Mr. Harris filed a motion to continue or a motion to have co-counsel appear in the place of lead counsel, explaining his request, the undersigned almost certainly would have granted the motion. Second, after Mr. Harris failed to appear for the January 11 Rule 16, the undersigned specifically ordered him—***by name***—to appear for the January 18 Conference. (ECF 15).

Finally, in the Response, Mr. Harris advises the Cour that Mr. Joyce will take over as lead counsel.[2]

### B. Plaintiff's Counsel

It has come to the attention of the Court that Mr. David Holmes—counsel for Plaintiff—has become non-responsive in the last few weeks. And there is also a concern that Mr. Holmes is having health issues which have caused him to become non-responsive. Regardless, it appears as though Mr. Holmes has missed numerous court deadlines for health-related complications outside of his control.

Based on the foregoing, the January 31, 2024, show cause hearing is hereby VACATED.

IT IS SO ORDERED.

ENTERED January 30, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

---

Even so, Mr. Harris did not show up or file a motion with the Court, which diminishes his claim that he thought co-counsel's presence would suffice. (*See* ECF 21 at 2). Third, the Court's Standing Orders requiring lead counsel to appear at the Rule 16 is not contingent upon a scheduling dispute between the parties, despite Defense counsel's—admittedly creative—argument to the contrary. (*Id.*).

[2] Given the circumstances of Mr. Joyce's designation as lead counsel, if a situation arises in which Mr. Harris attempts to redesignate himself as lead counsel, the undersigned will treat such a request with heightened scrutiny.