IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| NATHAN CRAWFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:23-cv-152-Z-BR |
| | § | |
| WEST TEXAS A&M UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO OVERRULE ASSERTION OF ATTORNEY CLIENT PRIVILEGE AND MEMORANDUM IN SUPPORT**

Before the Court is Plaintiff's Motion to Overrule Assertion of Attorney Client Privilege and Memorandum in Support. (ECF 41). By that motion, Plaintiff moves "to overrule [Defendant's] assertion of attorney-client privilege to prevent testimony about what former [West Texas A&M University] Title IX director, [Ms.]Ecker, was told by Defendant's in house lawyer, Brian Bricker…" (*Id.* at 1).[1] Plaintiff requests for the undersigned "to overrule the assertion of privilege to allow Ms. Ecker's testimony at trial, and this matter may also be taken up with a motion *in limine*." (*Id.* at 5).

However, the undersigned cannot rule on Plaintiff's request because what is admissible at trial is determined by the District Judge. (ECF 4) (noting that this matter was referred to the undersigned for pretrial management under both 28 U.S.C. § 636(b) and Rule 2(c) of Miscellaneous Order No. 6 of this District.). Accordingly, Plaintiff's Motion to Overrule Assertion

---

[1] Plaintiff states that the undersigned "made a preliminary ruling granting Defendant's assertion of privilege to this line of questioning" and, therefore, "should reconsider its ruling on the assertion of privilege and compel the testimony as appropriate." (ECF 41 at 4-5). Though counsel for the parties called chambers from Ms. Ecker's deposition and communicated with chambers, counsel never spoke directly with the undersigned. Consequently, the undersigned did not make a preliminary ruling, or any other ruling, as to the assertion of privilege. Further, the docket does not reflect that the undersigned issued any such ruling.

of Attorney Client Privilege and Memorandum in Support (ECF 41) is DENIED as moot without prejudice to refiling after the District Judge issues his own pre-trial notice and order[2], and in accordance with any instructions set forth in that order as to motions regarding trial.

Additionally, Plaintiff has moved to seal Exhibit B to his Motion to Overrule Assertion of Attorney Client Privilege. (ECF 42). Based on the above ruling, the District Clerk is instructed to terminate that motion, (ECF 42), without prejudice to it being refiled. The District Clerk is further instructed to allow Exhibit B to remain under seal until further ruling, if any, by the District Judge.

IT IS SO ORDERED.

ENTERED April 14, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

---

[2] Historically, such order from the District Judge provides a trial date and, presumably, a deadline to file any motion *in limine*.